UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD BAKER                                   CIVIL ACTION

VERSUS                                          NO: 20-274

BMW OF NORTH AMERICA, LLC                       SECTION: "A" (1)

## ORDER AND REASONS

The following motion is before the Court: **Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 17)** filed by Defendant, BMW of North America, LLC ("BMW"). Plaintiff, Richard Baker, opposes the motion. The motion, submitted on June 10, 2020, is before the Court on the briefs without oral argument.

### I. BACKGROUND

The plaintiff, Richard Baker, has sued BMW for a manufacturing defect in the N63 engine in the pre-owned 2009 BMW 750i that he purchased in 2013 for $58,790.88. Baker believes that the engine is defective because it consumes an excessive amount of oil at an extremely rapid rate requiring him to add BMW-approved engine oil well before the recommended oil change intervals. Baker concedes that he noticed the problem not long after he purchased the vehicle but he alleges that a technician with a local authorized BMW dealer assured him that such oil consumption was normal and BMW persistently refused to acknowledge the defect. Baker alleges that the problem continued to worsen requiring him to add two quarts of oil for every 200 miles of use in order to prevent catastrophic engine damage or failure.

According to Baker it has become widely known throughout the automotive industry that the N63 may be defective due to the oil consumption problem. Baker

contends that BMW knew as far back as 2008 about the N63's oil consumption problem. Baker believes that BMW fraudulently concealed the presence of the defect.

Baker contends that the oil consumption defect substantially impairs the use, value, and safety of the vehicle, and that he either would not have purchased the vehicle or would have paid significantly less for it had he known about the problems with the N63 prior to the purchase. As for damages, Baker claims that it would cost about $15,000 dollars to repair the problem, and he claims that he has incurred out of pocket expenses of $2000 associated with the engine oil consumption problem. Baker contends that he has been deprived of his original bargain in purchasing the vehicle because the engine could fail at any time, and the problem discourages him from traveling long distances in his vehicle. Baker fears that he will suffer significant loss when he sells the vehicle because the reputation of the vehicle has been impaired by now-public research establishing that the N63 engine suffers from an oil consumption defect.

On August 10, 2018, Baker opted out of a class action settlement reached in *Bang v. BMW of North America, LLC*, and joined with several other plaintiffs to file an action in the District of New Jersey on December 3, 2018. It is the Court's understanding that Baker's claims, none of which were based on Louisiana law, were dismissed without prejudice.

Baker filed this individual suit on January 27, 2020, asserting several claims related to the N63 engine. The claims are based on the MMWA (Magnuson-Moss Warranty Act) and Louisiana law.

BMW now moves to dismiss all causes of action pursuant to Rules 12(b)(1) and 12(b)(6).

## II. DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

A motion filed pursuant to Rule 12(b)(1) raises the defense of lack of subject matter jurisdiction. Fed. R. Civ Pro. 12(b)(1). The claim that a party lacks Article III standing is an attack on the court's subject matter jurisdiction or constitutional

authority to adjudicate the claim. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Injury in fact sufficient to confer Article III standing is a constitutional requirement. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 820 (1997)). To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).

At the outset the Court's rejects BMW's contention that Baker lacks Article III standing to pursue his claims. Baker clearly alleges particularized injury; whether he can prove the particularized injury that he alleges and whether that injury is compensable for anything more than a de minis dollar amount are questions for another day. The more speculative aspects of his damages claim do not deprive the Court of subject matter jurisdiction.

The Court likewise rejects BMW's argument that all of Baker's claims are prescribed on the face of his complaint. While the allegations do establish that Baker noticed the oil consumption problem shortly after purchasing the vehicle in 2013, he also alleges that BMW tried to conceal or downplay the problem when he became suspicious and raised the issue. The Court is unmoved by BMW's contention that Baker's MMWA, redhibition, LPLA (Louisiana Products Liability Act), and fraudulent concealment claims are prescribed *on the face of the complaint* and that none of Baker's

tolling arguments have merit.[1]

The same reasoning applies to the LUTPA (Louisiana Unfair Trade Practices Act) claim because the period provided by that statute, as amended in 2018, is prescriptive not peremptive. *Congregation of Immaculate Conception Roman Catholic Church of Par. of Calcasieu v. Sam Istre Constr., Inc.*, 253 So. 3d 196, 202 (La. App. 3rd Cir. 2018) (citing La. R.S. § 51:1409(E)).

The Court does not address the class action tolling argument at this time, having concluded that the claims are not prescribed on the face of the complaint.

Finally, the Court is not persuaded that Baker's allegations fail to state a claim for his various causes of action. Whether there was actually any actionable concealment on the part of BMW is not a question that can be resolved on the pleadings. Similarly, the Court cannot conclude as a matter of law, again based on allegations alone, that Baker should have been able to ascertain through the exercise of reasonable diligence that there was an oil consumption issue with his vehicle.[2] And the Court cannot conclude, based on the pleadings, that the conduct alleged does not rise to the level of that necessary to support a LUTPA claim.

Accordingly, and for the foregoing reasons;

---

[1] To be clear, the Court is not making a finding that the claims are timely. BMW may very well prevail on the prescription defense when moving for summary judgment at a later time. The Court finds only that the claims are not prescribed on their face, that BMW therefore bears the burden of proof to establish that they are prescribed, and that BMW has not met that burden by relying solely on the pleadings.

[2] Although BMW did not raise this issue, the Court notes that Baker's claim for treble damages under the LUTPA fails because there is no allegation that the attorney general of this state put BMW on notice regarding its conduct. La. R.S. § 51:1409(A).

**IT IS ORDERED** that the **Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 17)** filed by Defendant, BMW of North America, LLC is **DENIED**.

July 6, 2020

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE