UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD BAKER                                        CIVIL ACTION

VERSUS                                               NO: 20-274

BMW OF NORTH AMERICA, LLC                            SECTION: "A" (1)

**ORDER AND REASONS**

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 43)** and **Motion to Exclude Expert (Rec. Doc. 44)** filed by Defendant, BMW of North America, LLC ("BMW"). Plaintiff, Richard Baker, opposes the motions. The motions, submitted on March 31, 2021, are before the Court on the briefs without oral argument. For the reasons that follow, the Motion for Summary Judgment is granted in part and denied in part. The Motion to Exclude expert is denied.

**I.     BACKGROUND**

The plaintiff, Richard Baker, has sued BMW for a manufacturing defect in the N63 engine in the pre-owned 2009 BMW 750i that he purchased in 2013 for $58,790.88. Baker believes that the engine is defective because it consumes an excessive amount of oil at an extremely rapid rate requiring him to add BMW-approved engine oil well before the recommended oil change intervals. Baker concedes that he noticed the problem not long after he purchased the vehicle but he alleges that a technician with a local authorized BMW dealer assured him that such oil consumption was normal and BMW persistently refused to acknowledge the defect. Baker alleges that the problem continued to worsen requiring him to add two quarts of oil for every 200 miles of use in order to prevent catastrophic engine damage or failure.

According to Baker it has become widely known throughout the automotive industry that the N63 may be defective due to the oil consumption problem. Baker contends that BMW knew as far back as 2008 about the N63's oil consumption problem. Baker believes that BMW fraudulently concealed the presence of the defect.

Baker contends that the oil consumption defect substantially impairs the use, value, and safety of the vehicle, and that he either would not have purchased the vehicle or would have paid significantly less for it had he known about the problems with the N63 prior to the purchase. As for damages, Baker claims that it would cost about $15,000 dollars to repair the problem (assuming that replacing the engine would be required to repair the problem), and he claims that he has incurred out of pocket expenses associated with the engine oil consumption problem. Baker contends that he has been deprived of his original bargain in purchasing the vehicle because the engine could fail at any time, and the problem discourages him from traveling long distances in his vehicle. Baker fears that he will suffer a significant loss when he sells the vehicle because the reputation of the vehicle has been impaired by now-public research establishing that the N63 engine suffers from an oil consumption defect.

On August 10, 2018, Baker opted out of a nationwide class action settlement reached in *Bang v. BMW of North America, LLC* (No. 15-6945, District of New Jersey), and joined with several other opt-out plaintiffs to file an action in the District of New Jersey on December 3, 2018. Baker's claims in that lawsuit, none of which were based on Louisiana law, were dismissed without prejudice so that Baker and the other individual opt-out plaintiffs could file separate actions in their respective states. *Sarwar v. BMW of N. Am.*, LLC, No. 18-16750, 2019 WL 7499157 (D. N.J.) (Nov. 27, 2019). The presiding judge ordered that the statute of limitations for any claim asserted in that case

was deemed tolled during the pendency of the action and for a period of thirty (30) days from the date of the order (11/27/19). *Id.*

Baker filed this individual suit on January 27, 2020, asserting several claims related to the N63 engine. The claims are based on the MMWA (Magnuson-Moss Warranty Act), 15 U.S.C. § 2301, *et seq.*, and Louisiana law.

BMW has always taken the position that Baker's claims in this civil action are prescribed. (Rec. Doc. 17, Motion to Dismiss). In July 2020, the Court rejected BMW's argument that all of Baker's claims are prescribed *on the face of his complaint*. (Rec. Doc. 23, Order and Reasons). The Court left open the possibility, however, that BMW could possibly prevail on the prescription defense when moving for summary judgment at a later time. (*Id.* at 5 n.1).

A jury trial had been scheduled for May 24, 2021. The Court granted the parties' joint motion to amend the scheduling order in light of COVID-19 General Order No. 21-4, which suspends all jury trial in this district until at least June 7, 2021. (Rec. Doc. 60, Order). A status conference (for the purpose of selecting a new trial date) will be scheduled following this ruling for the claims that remain for trial. (*Id.*).

BMW now moves for judgment as a matter of law on all claims, identified as follows: 1) breach of warranty pursuant to the MMWA; 2) breach of implied warranty against redhibitory defects pursuant to Louisiana Civil Code article 2520 (redhibition) and the MMWA; 3) breach of express warranties pursuant to the Louisiana Products Liability Act, La. R.S. §§9:2800.53(6) and 2800.58; 4) violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. § 51:1401, *et seq.*; and 5)

fraudulent concealment.[1] The arguments raised in support of and in opposition to summary judgment are discussed below.

## II.   DISCUSSION

### A.   Motion for Summary Judgment

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

---

[1] In his opposition memorandum the plaintiff advised that he withdraws his claims under the Louisiana Unfair Trade Practices and Consumer Protection Law and for fraudulent concealment under Louisiana law. (Rec. Doc. 47, Memorandum at 1 n.1). Without further discussion, the motion for summary judgment will be granted as to those claims, which will be dismissed with prejudice, because the plaintiff did not withdraw them until after the defendant filed its motion for summary judgment.

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

The Court begins with the question of which, if any, of Baker's claims survive summary judgment on the merits. For the surviving claims, the Court then considers whether BMW has established that they are time barred.

The MMWA establishes standards governing the content of warranties and creates a statutory cause of action for consumers "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation" under the MMWA or a warranty (written or implied) to bring suit for damages and other appropriate relief. 15 U.S.C. § 2310(d)(1). State law standards govern the breach of a written or implied warranty except where expressly modified by the MMWA. *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1013-14 (D.C. Cir. 1986).

The parties do not dispute that the appropriate Louisiana state law claim under the facts of this case is redhibition.

Louisiana Civil Code article 2520, entitled Warranty Against Redhibitory Defects, provides in relevant part that "[a] defect is redhibitory [] when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." Of course, there is no warranty "for defects in the thing that were known to the buyer at the time of the sale, or

for defects that should have been discovered by a reasonably prudent buyer of such things." La. Civ. Code art. 2521.

BMW's position is that Baker's state law redhibition claim, and likewise the MMWA claim, fails because the N63 had no latent defect, and even if it did, Baker should have discovered the defect before buying the car. Whether the engine suffered from a latent defect is a question for the jury. And the Court is not persuaded that BMW can avoid liability by pointing out that its customer should have combed through internet complaints to discover potential defects prior to purchasing the vehicle. The Court does not find this case to be similar to the *In re Ford Motor Co.*, 982 F. Supp. 388 (E. D. La. 1997), decision cited by BMW. The notoriety associated with the Bronco II's stability problems was far more well known than the oil consumption problem with the N63 engine.

In addition to determining whether the N63 suffered from a latent defect the jury must also determine whether that defect should have been discovered by Baker before he purchased the vehicle so as to trigger Article 2521. While his testimony confirms that he really liked the car and might very well have purchased it anyway had he been aware of all of the problems, he surely would have been hesitant to pay nearly $60,000.00 for the second-hand car. Summary judgment will not be granted as to the merits on the MMWA and redhibition claims.

But Baker's claim for breach of an express warranty pursuant to the Louisiana Products Liability Act ("LPLA"), La. R.S. §§9:2800.53(6) and 2800.58, fails because he neither points to an express warranty pertaining to the oil consumption issue nor establishes that he relied on such a warranty when purchasing the vehicle. While Baker's testimony establishes that he purchased the vehicle because it was under warranty, the

Louisiana Supreme Court has held that a general vehicle warranty will not suffice to support an express warranty claim under the LPLA. *Reynolds v. Bordelon*, 172 So. 3d 607, 615 (La. 2015). Furthermore, although BMW did not raise this point, Baker's allegedly defective engine did not injure anyone else and the oil consumption problem did not damage the engine itself (the only damage to the product was the manufacturing defect, not engine damage caused by the defect). And while damage under the LPLA can include economic loss arising from a deficiency in the product, that loss is cognizable under the LPLA only to the extent that the redhibition articles would not apply to the loss. *See* La. R.S. § 9:2800.53(5). That is not the case here because the redhibition articles do apply. Summary judgment will be granted in favor of BMW on the LPLA claim.

The Court now turns its attention to whether BMW has demonstrated as a matter of law that Baker's MMWA and redhibition claims are untimely. Civil Code article 2534 provides that appropriate prescriptive period for both claims. Under that article, Baker had one year from the day that he discovered the defect to bring suit.[2]

After considering Baker's deposition testimony, the Court is persuaded that the jury should determine whether the defect with the N63 was known to Baker as early as 2013 so as to trigger the running of prescription prior to the date that the Bang class action was filed. Likewise, the jury will determine whether Baker can avail himself of the doctrine of contra non valentem to toll the running of prescription. Baker's testimony creates an issue of fact as to whether he was misled by the local BMW dealership

---

[2] The MMWA does not contain its own statute of limitations so the substantively similar state law limitations period is borrowed. *See Harris v. BMW of N. Am., LLC*, No. 19-16, 2020 WL 7074878, at *3 (E.D. Tex. Dec. 3, 2020).

regarding the problem with his vehicle, and whether BMW itself took actions (via directives to dealers) to actively conceal the problem from consumers like Baker. Thus, the Court is not persuaded by BMW's contention that prescription necessarily began to run sometime in 2013.[3]

If BMW cannot prevail on the prescription defense at trial, *i.e.*, cannot establish that Baker's claim was prescribed before the *Bang* class action complaint was filed on September 18, 2015, then the question becomes whether the *Bang* class action and subsequent *Sarwar* case tolled prescription on Baker's claims so as to render this action timely.[4] This latter inquiry is a legal question for the Court not the jury. With respect to *Bang*, BMW argues that class action tolling under Louisiana law does not apply when a class member like Baker opts out of a class that is certified. A simple *Erie* analysis convinces the Court that BMW is incorrect. Louisiana Code of Civil Procedure article 596, which governs prescription pertaining to claims "arising out of or occurrences described" in a class petition, clearly envisions suspension until a person elects to be excluded from the class. La. Code Civ. Pro. 596(A)(1); *see Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 125 So. 3d 1057 (La. 2012).

BMW's arguments pertaining to the *Sarwar* case are similarly unconvincing, particularly insofar as the MMWA claim is concerned. Thus, unless BMW persuades the

---

[3] The plaintiff did notice the problem with oil consumption early on but he maintains that it was explained away by BMW. BMW cites once again to the allegations in the first amended complaint as drafted by the plaintiff's attorneys. The Court is persuaded that the plaintiff's own deposition testimony is what must control because the attorney-drafted pleadings will not be admitted into evidence. The Court notes that BMW raised for the first time in its reply the argument that Peake BMW was not its agent. This argument should have been raised in BMW's motion for summary judgment.

[4] As BMW has pointed out, if Baker's claims prescribed before *Bang* and *Sarwar* then those actions are irrelevant to the prescription analysis.

jury that Baker's claims were prescribed prior to the date that *Bang* was filed, Baker's claims will be considered as timely.

For the foregoing reasons, the motion for summary judgment is granted in part and denied in part. The motion is granted as to the Louisiana Unfair Trade Practices and Consumer Protection Law claim, the fraudulent concealment claim, and the LPLA claim. The motion is denied as to the MMWA claim and the redhibition claim.

### B.     Motion to Exclude Expert

BMW seeks to exclude the testimony of Baker's expert, Mr. Darren Manzari, contending that his opinions are speculative and that some of his opinions invade the province of the trier of fact. The Court is persuaded that all of the deficiencies raised by BMW can be addressed via vigorous cross examination and that none of the challenges require wholesale exclusion of the witness.

The motion to exclude is therefore denied.[5]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 43)** filed by Defendant, BMW of North America, LLC is **GRANTED IN PART AND DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** that the **Motion to Exclude Expert (Rec. Doc. 44)** filed by Defendant, BMW of North America, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that the Case Manager for Section A shall notice

---

[5] The Court notes that significant portions of Manzari's report have been redacted as have significant portions of the filings relating to the summary judgment motion. In a very recent opinion the Fifth Circuit emphasized the importance of public access to judicial records and admonished district courts regarding orders sealing documents. *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021). The parties are warned that trial exhibits and trial testimony will be available to the public and will not be sealed even by consent of the parties.

a telephone conference for the purpose of scheduling a pretrial conference and jury trial. No other deadlines are extended.

    April 22, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE