UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD BAKER

CIVIL ACTION

VERSUS

NO: 20-274

BMW OF NORTH AMERICA, LLC

SECTION: "A" (1)

**ORDER AND REASONS**

The following motion is before the Court: **Motion to Strike and Exclude the Testimony and Report of Defendant's Expert (Rec. Doc. 71)** filed by Plaintiff, Richard Baker. Defendant, BMW of North America, LLC ("BMW" or "Defendant"), opposes the motion. The motion, submitted on September 15, 2021, is before the Court on the briefs without oral argument.

## I.     BACKGROUND

The plaintiff, Richard Baker, has sued BMW for a manufacturing defect in the N63 engine in the pre-owned 2009 BMW 750i that he purchased in 2013 for $58,790.88. Baker believes that the engine is defective because it consumes an excessive amount of oil at an extremely rapid rate requiring him to add BMW-approved engine oil well before the recommended oil change intervals. Baker concedes that he noticed the problem not long after he purchased the vehicle but he alleges that a technician with a local authorized BMW dealer assured him that such oil consumption was normal and BMW persistently refused to acknowledge the defect. Baker alleges that the problem continued to worsen requiring him to add two quarts of oil for every 200 miles of use in order to prevent catastrophic engine damage or failure.

According to Baker it has become widely known throughout the automotive

industry that the N63 may be defective due to the oil consumption problem. Baker contends that BMW knew as far back as 2008 about the N63's oil consumption problem. Baker believes that BMW fraudulently concealed the presence of the defect.

Baker contends that the oil consumption defect substantially impairs the use, value, and safety of the vehicle, and that he either would not have purchased the vehicle or would have paid significantly less for it had he known about the problems with the N63 prior to the purchase. As for damages, Baker claims that it would cost about $15,000 dollars to repair the problem (assuming that replacing the engine would be required to repair the problem), and he claims that he has incurred out of pocket expenses associated with the engine oil consumption problem. Baker contends that he has been deprived of his original bargain in purchasing the vehicle because the engine could fail at any time, and the problem discourages him from traveling long distances in his vehicle. Baker fears that he will suffer a significant loss when he sells the vehicle because the reputation of the vehicle has been impaired by now-public research establishing that the N63 engine suffers from an oil consumption defect.

On August 10, 2018, Baker opted out of a nationwide class action settlement reached in *Bang v. BMW of North America, LLC* (No. 15-6945, District of New Jersey), and joined with several other opt-out plaintiffs to file an action in the District of New Jersey on December 3, 2018. Baker's claims in that lawsuit, none of which were based on Louisiana law, were dismissed without prejudice so that Baker and the other individual opt-out plaintiffs could file separate actions in their respective states. *Sarwar v. BMW of N. Am.*, LLC, No. 18-16750, 2019 WL 7499157 (D. N.J.) (Nov. 27, 2019). The presiding judge ordered that the statute of limitations for any claim asserted in that case was deemed tolled during the pendency of the action and for a period of thirty (30) days

from the date of the order (11/27/19). *Id.*

Baker filed this individual suit on January 27, 2020, asserting several claims related to the N63 engine. The claims are based on the MMWA (Magnuson-Moss Warranty Act), 15 U.S.C. § 2301, *et seq.*, and Louisiana law.

BMW has always taken the position that Baker's claims in this civil action are prescribed. (Rec. Doc. 17, Motion to Dismiss). In July 2020, the Court rejected BMW's argument that all of Baker's claims are prescribed *on the face of his complaint*. (Rec. Doc. 23, Order and Reasons). The Court left open the possibility, however, that BMW could possibly prevail on the prescription defense when moving for summary judgment at a later time. (*Id.* at 5 n.1).

A jury trial has been scheduled for January 24, 2022.

Baker now moves to exclude Michael Murray, BMW's expert.

## II.    DISCUSSION

Two of Plaintiff's grounds for excluding Murray are easily addressed. Plaintiff contends that Murray's opinions are actually those of his colleagues and perhaps even those of Defendant's attorneys. And Plaintiff complains that Murray intends to simply read his expert report to the jury.

First of all, the Court would not allow any party to simply have its expert read his report to the jury. The expert reports themselves will not be provided to the jury. The experts in this case will testify just like any other trial witness—by answering questions asked on direct and cross examination by counsel. Second, if Murray's opinions are not his own the Court has no doubt that this will be apparent to the jury once Plaintiff's counsel cross examines Murray.

As to the contention that Murray should be excluded because his opinions are

based on his own subjective "expert knowledge" and his own opinion as opposed to being based on objective criteria or treatises, the Court is persuaded that the arguments presented by Plaintiff do not present a *Daubert* problem. Rather, any deficiencies in Murray's opinions can be properly addressed through vigorous cross examination rather than complete exclusion. As the Court explained when it denied Defendant's motion to exclude the testimony of Plaintiff's expert, Mr. Darren Manzari, the Court is persuaded that all of the deficiencies raised by Plaintiff can be addressed via vigorous cross examination and that none of the challenges require wholesale exclusion of the witness. (Rec. Doc. 62, Order and Reasons at 9).

The motion to strike and exclude is therefore denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike and Exclude the Testimony and Report of Defendant's Expert (Rec. Doc. 71)** filed by the plaintiff, Richard Baker, is **DENIED**.

October 28, 2021

_____

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE